WARNER,
*Petitioner,*

*v.*

EMPLOYMENT DIVISION et al,
*Respondents.*

(83-AB-2024; CA A30290)

683 P2d 1031

Terry Ann Rogers, Portland, argued the cause and filed the brief for petitioner.

No appearance for respondents.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

This is a petition for judicial review of the Employment Appeals Board's (EAB) decision reversing the referee and finding claimant disqualified under ORS 657.176(2)(a)[1] from receiving benefits because he was discharged for misconduct in connection with his work. Claimant had a history of tardiness in arriving at work, for which he had been repeatedly disciplined. On April 27, 1983, after completing his morning shift as a school bus driver, he felt ill and advised his employer that he needed to take the afternoon shift off due to illness. He was told to call in 30 minutes before the afternoon shift, pursuant to a rule established by the employer. The referee found, *inter alia,* that "[c]laimant believed that, in this case, he need not give a half-hour notice" and that "[t]his was because, at the end of his morning shift, claimant had already given notice of intention to be absent." The referee concluded that claimant was not disqualified, because "[he] could reasonably have thought that that was all that was required. If he was wrong, he made a mistake. But he did not do so wilfully or with recurring neglect showing wrongful intent."

EAB has promulgated rules interpreting ORS 657.176(2)(a). OAR 471-30-038(3) provides:

"Under the provisions of ORS 657.176(2)(a) and (b), misconduct is a willful violation of the standards of behavior which an employer has the right to expect of an employe. An act that amounts to a wilful disregard of an employer's interest, or recurring negligence which demonstrates wrongful intent is misconduct. Isolated instances of poor judgment, good faith errors, unavoidable accidents, absences due to illness or other physical or mental disabilities, or mere inefficiency resulting from lack of job skills or experience are not misconduct for purposes of denying benefits under ORS 657.176."

EAB adopted the referee's findings set out above but concluded:

"* * * The record of the claimant's attendance and the progressive discipline utilized by the employer certainly

---

[1] ORS 657.176(2)(a) provides, in pertinent part:

"An individual shall be disqualified from the receipt of benefits * * * if the authorized representative * * * finds that the individual:

"(a)   has been discharged for misconduct connected with his work * * *."

should have put the claimant on notice that he would have to report for work as scheduled and/or notify the employer as required or that his job might come to an end. His actions in failing to call on the day in question constitute a wilful disregard of the employer's interest and is certainly disqualifying."

The finding that claimant believed that he need not call in because he had previously advised employer of his illness negates EAB's conclusion that, on the occasion in question, claimant acted in wilful disregard of his employer's interest. In other words, the findings do not support its conclusion that claimant is disqualified.

Reversed and remanded for reconsideration.